# STATE OF WEST VIRGINIA

## SUPREME COURT OF APPEALS

**FILED**

October 20, 2014
RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**LEONARD DEMPSEY,**
**Claimant Below, Petitioner**

**vs.)    No. 13-0656** (BOR Appeal No. 2047971)
                                      (Claim No. 2011021876)

**PARSLEY ENTERPRISES, INC.,**
**Employer Below, Respondent**

## MEMORANDUM DECISION

Petitioner Leonard Dempsey, by Anne L. Wandling, his attorney, appeals the decision of the West Virginia Workers' Compensation Board of Review.

This appeal arises from the Board of Review's Final Order dated May 28, 2013, in which the Board reversed a December 7, 2012, Order of the Workers' Compensation Office of Judges. In its Order, the Office of Judges reversed the claims administrator's July 3, 2012, decision which closed the claim for temporary total disability benefits. The Court has carefully reviewed the records, written arguments, and appendices contained in the briefs, and the case is mature for consideration.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

Mr. Dempsey, a coal miner, was injured in the course of his employment on December 29, 2010, when his right hand was caught in a door handle. He required surgery on his wrist and on May 10, 2012, Jerry Ambrosia, M.D., and Steven Novotny, M.D., determined that x-rays showed excellent healing of the fractured wrist. Mr. Dempsey was released to return to full active duty at work with no restrictions. The claims administrator thereafter closed the claim for temporary total disability benefits on July 3, 2012.

1

The Office of Judges reversed the claims administrator's decision in its December 7, 2012, Order and granted Mr. Dempsey temporary total disability benefits from May 25, 2012, through July 12, 2012. It found that Mr. Dempsey was released to return to work on May 22, 2012, and worked for only two days before he was taken off of work again by Dr. Novotny. He was treated again on July 12, 2012, by Dr. Novotny and released to return to work on July 13, 2012. Thereafter, Paul Bachwitt, M.D., performed an independent medical evaluation of Mr. Dempsey and found him to be at maximum medical improvement as of July 17, 2012. The Office of Judges therefore found that Mr. Dempsey was entitled to temporary total disability benefits from May 25, 2012, through July 12, 2012.

The Board of Review reversed the Office of Judges' Order and reinstated the claims administrator's decision in its May 28, 2013, decision. It found that Drs. Novotny and Ambrosia determined on May 10, 2012, that Mr. Dempsey was doing quite well and had no significant pain. He reported at that time that he had been performing all of his activities of daily living without significant hindrance. Imaging studies showed excellent alignment of the fracture with good healing and the physicians released him to return to work with no restrictions. The claims administrator then closed the claim for temporary total disability benefits and Mr. Dempsey protested and submitted a report from Dr. Novotny dated July 12, 2012. On that date, Mr. Dempsey reported a swelling mass that came and went and hurt when he was active. Dr. Novotny found no evidence of a mass and range of motion of the wrist was unchanged from the previous examination. X-rays were also unremarkable, showing only a well healed fracture. Ultrasound showed no evidence of fluid in the wrist. The Board of Review noted that Dr. Novotny stated he did not trust Mr. Dempsey and that he had issues with compliance. He released him to return to work the following day. The Board of Review found no medical evidence to justify the payment of temporary total disability benefits during the requested time period. It determined that Dr. Novotny did not see Mr. Dempsey between May 10, 2012, and July 12, 2012. He also did not indicate that Mr. Dempsey was temporarily and totally disabled during the time period between those examinations.

We agree with the reasoning and conclusions of the Board of Review. There is no evidence in the record to indicate that Mr. Dempsey was temporarily and totally disabled during the requested time period. There are no medical reports during the time period and no physician of record opined that he was temporarily and totally disabled from May 25, 2012, through July 12, 2012.

For the foregoing reasons, we find that the decision of the Board of Review is not in clear violation of any constitutional or statutory provision, nor is it clearly the result of erroneous conclusions of law, nor is it based upon a material misstatement or mischaracterization of the evidentiary record. Therefore, the decision of the Board of Review is affirmed.

Affirmed.

**ISSUED:  October 20, 2014**

2

**CONCURRED IN BY:**

Chief Justice Robin J. Davis
Justice Margaret L. Workman
Justice Allen H. Loughry II

**DISSENTING:**

Justice Brent D. Benjamin
Justice Menis E. Ketchum